## No. 350

### First Circuit

### DUPRE v. ENGELHART

(November 10, 1928. Opinion and Decree.)
(December 4, 1928. Rehearing Refused.)

J. R. Fridge, of Baton Rouge, and J. P. Wallace, of Baton Rouge, attorneys for plaintiff, appellee.

Victor A. Sachse, of Baton Rouge, attorney for intervenor, appellant.

LECHE, J. Plaintiff sues defendant for rent and in order to secure the collection of his claim, provisionally seized certain property upon which he claims a lessor's lien and privilege. The claim for rent is not contested by Engelhart and the only matter in dispute in this case, is whether plaintiff has a privilege for rent upon the property which he provisionally seized.

The Louisiana Bread Company intervened in the suit and it opposes the seizure on the ground that the seizure was made of its property and not of that of Engelhart and that the property at the time of seizure, was not upon the leased premises and was in its possession upon its own premises. It is an admitted fact that the property had at one time been on the leased premises, but had been removed less than fifteen days before the seizure. It seems further to be conceded as a matter of law that the property of third persons which sometimes is affected with a lessor's privilege under C. C. Art. 2707, is freed of such privilege after the property is removed from the leased premises. Merrick, Race & Foster vs. LaHache, 27 La. Ann. 87. So that the only question to be decided in this court is whether the seized property belonged to Engelhart or to the intervenor and third opponent.

The District Court found that the seized property belonged to Engelhart and maintained the provisional seizure. Intervenor and third opponent has appealed from that judgment.

Our analysis of the evidence convinces us that the property did belong to Engelhart. It seems that originally it belonged to one Kelly who conducted a bakery business, that at a public sale it was adjudicated to the Paille Bakery Company, that the Paille Bakery Company was merged into the Louisiana Bakery Company, and that the property thus came into the ownership of the intervenor and third opponent. This is not controverted.

Shortly thereafter Engelhart wished to engage in the bakery business, and with the assistance and co-operation of the president of the Louisiana Bakery Company, obtained the property in contest together with a lease of a bakery shop belonging to plaintiff. The negotiations for the lease were conducted by the president of the Louisiana Bakery Company and his name appears as a witness to the written contract of lease. A significant clause in the lease is that the premises are to be used and occupied for a "bakery owned by the lessee," Engelhart. And there is another clause warranting that the property which consists of a bakery outfit, is free of any chattel mortgages of record. These clauses corroborate the statements in plaintiff's testimony to the effect that he made careful inquiry into the financial responsibility of Engelhart before consenting to the lease. Intervenor and third opponent was present through its president, heard the inquiries made by plaintiff, signed the lease as a witness, and yet made no claim of ownership to the property contained on the leased premises, thus leading the plaintiff to believe that it belonged to Engelhart.

Our opinion is that the seized property did belong to Engelhart and that intervenor and third opponent is equitably estopped from denying the fact.

Among the articles seized are two showcases, which belonged to intervenor, and which were not on the leased premises. They should be released from seizure and returned to intervenor. As thus amended

the judgment should be affirmed, and it is so ordered.

## ON REHEARING

LECHE, J. Intervenor now claims that we should have recognized the seized property in this case, subject to its vendor's privilege. Such a judgment would not be responsive to the pleadings and would conflict with the statements made by the president and manager of intervenor company at the time the lease was entered into.

Rehearing is refused.